(47 P.3d 804)

No. 87,842

BUNNELL FARMS CO., *Appellant*, v. SAMUEL GARY, JR. &
ASSOCIATES and DUNNE EQUITIES, INC., *Appellees*.

—

Opinion filed
June 7, 2002.

*Jeff Kennedy*, of Martin, Pringle, Oliver, Wallace & Spikes, L.L.P., of Wichita, for the appellant.

*Lee Thompson*, of Thompson, Stout & Goering, LLC, of Wichita, for the appellees.

Before LEWIS, P.J., BRAZIL, S.J., and GLENN D. SCHIFFNER, District Judge, assigned.

BRAZIL, J.: Bunnell Farms Co. (Bunnell) appeals the district court's granting of summary judgment in favor of Samuel Gary, Jr. & Associates, Inc., and Dunne Equities, Inc., (Dunne) in an action on an oil and gas lease. The sole issue in this appeal is whether the lessee, Dunne, commenced drilling within the primary term of the lease.

We conclude that it did and affirm the trial court.

Bunnell is the owner of a tract of real property in Comanche County. On July 14, 1997, Bunnell granted an oil and gas lease to Bobby Joe Posey covering the property. The lease was subsequently assigned to Dunne. A working lease was then assigned to Samuel Gary, Jr. & Associates.

The lease included a 3-year primary term to expire on July 14, 2000. The lease also contained the following provision:

"This lease may be maintained during the primary term hereof without further payment or drilling operations. If the lessee shall commence to drill a well within the term of this lease or any extension thereof, the lessee shall have the right to drill such well to completion with reasonable diligence and dispatch, and if oil or gas, or either of them, be found in paying quantities, this lease shall continue and be in force with like effect as if such well had been completed within the term of years first mentioned."

In May 2000, Dunne contacted Big A Drilling (Big A) regarding the possibility of drilling a well on the leased property. On July 11, 2000, Dunne filed a notice of intent to drill with the Kansas Corporation Commission (KCC). Dunne entered into a drilling contract with Big A on July 12, 2000, to drill a well 6,500 feet deep. It was determined the original location of the well had to be moved due to the presence of an existing waterway, and a second notice of intent to drill was filed on July 14, 2000. The dirt contractor, Cliff Keller Dirt Construction, began work on July 12, 2000. On July 14, 2000, Weeder Well Services, Inc., drilled a hole to 51 feet

and set and cemented 51 feet of 20-inch conductor pipe. Heavy rain prevented Big A from moving its drilling rig onto the property until after July 16, 2000, after which time a gas well was completed.

On November 8, 2000, Bunnell filed a petition claiming Dunne had failed to commence drilling a well within the 3 years prescribed by the lease. The petition alleged a breach of contract and bad faith trespass by Dunne and sought an accounting of all volumes of gas sold and the proceeds of those sales.

Dunne filed a motion for summary judgment, arguing it commenced drilling a well on July 14, 2000. It further claimed it had entered into a drilling contract and had begun the necessary work to begin drilling the well prior to the lease's expiration date.

After a hearing on the motion, the district court found the drilling by the small rig on July 14, 2000, and the setting of conductor pipe constituted a commencement of drilling. The district court granted summary judgment on all three counts.

Bunnell claims the district court erred in granting Dunne's summary judgment motion.

" 'Summary judgment is appropriate when the pleading[s], depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. . . . On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]' " *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000) (quoting *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 [1999]).

As noted above, the sole issue presented in this case is whether Dunne commenced drilling before the end of the primary term. This issue requires an interpretation of the lease language, and this court is free to determine the lease's legal effect regardless of the construction made by the district court. *First Financial Ins. Co. v. Bugg*, 265 Kan. 690, 694, 962 P.2d 515 (1998). "Unambiguous contracts are enforced according to their plain, general, and common meaning in order to ensure the intentions of the parties are

enforced. [Citation omitted.] The intent of the parties is determined from the four corners of an unambiguous instrument, harmonizing the language therein if possible." *Hall v. JFW, Inc.*, 20 Kan. App. 2d 845, 848, 893 P.2d 837, *rev. denied* 257 Kan. 1092 (1995).

Bunnell argues Dunne did not commence drilling in a timely manner because Dunne did not obtain approval from the KCC to begin drilling until after the lease had expired and the drill used to begin drilling on July 14 was incapable of drilling to the required depth. Bunnell claims this drilling represented a pretense on Dunne's part of actually commencing drilling in an effort to save the lease.

Kansas has, on occasion, been faced with the question of what constitutes commencement of drilling. In *Herl v. Legleiter*, 9 Kan. App. 2d 15, 668 P.2d 200 (1983), the lessee was required to "commence to drill a well" by March 27, 1981, in order to maintain the right to drill the well to its completion. On March 27, 1981, no drilling rig was on the property; however, other preparation work had been undertaken, including construction of an access road, staking of the location, construction of pits at the site, and delivery of mud to the well site.

In affirming the district court's decision that the lessee did not commence to drill a well in a timely fashion, this court in *Herl* found it important that the lessee did not have a driller with a rig or access to one and did not make an effort after the deadline passed to obtain one. 9 Kan. App. 2d at 17-18. The court refused to consider whether actual drilling must occur when lease language calls for drilling to be commenced, or whether there is a meaningful difference between "commence to drill a well," "commence operations to drill a well," and "commence drilling operations." 9 Kan. App. 2d at 18-19.

More recently, in *Hall*, this court was again faced with an oil and gas lease requiring the lessee to "commence to drill" a well before a particular date. The lessee began preparatory work several months in advance of the August 13, 1991, date required to preserve the lease. Drilling on the well began August 14, 1991.

The court stated that after *Herl*, there was authority that hinted something less than actual drilling might satisfy a requirement of the "commencement of drilling." 20 Kan. App. 2d at 850. The court also cited Professor David Pierce, who noted in the Kansas Oil and Gas Handbook that *Herl* suggested something less than actual drilling may be sufficient, but if a lessee is relying upon something less than actual drilling, " 'the lessee should be required to demonstrate what amounts to an irrevocable commitment to conduct operations, to completion, on the leased land.' " 20 Kan. App. 2d at 851 (quoting 1 Pierce, Kansas Oil and Gas Handbook § 9.34 [1991]). The best evidence would be an enforceable contract with a third party to drill a well. 20 Kan. App. 2d at 851 (citing 1 Pierce, Kansas Oil and Gas Handbook § 9.34 [1991]).

Addressing this perception, the court stated: "Allowing an irrevocable commitment to conduct operations to completion to satisfy a lease requiring the commencement of drilling, and not merely operations for drilling, too broadly states the law of Kansas." 20 Kan. App. 2d at 851. Reading the plain language of the lease requiring the lessee to "commence to drill a well" by the stated date and finding that the actions of the lessee after the stated date in completing the well were irrelevant to determine timeliness of commencement, the court determined drilling had not commenced within the term of the lease and reversed the district court's granting of summary judgment in favor of the lessee. 20 Kan. App. 2d at 851-52.

Bunnell argues that after this court's rejection of the reasoning of *Herl* in *Hall*, the appropriate standard for considering commencement clauses is actual drilling with an appropriate rig. Bunnell claims Dunne did not meet this requirement because its second notice of intent to drill was not filed until the day the lease expired and the small rig used by Weeder Well Services to drill the 51-foot hole was incapable of drilling more than 200 feet deep on a proposed 6,500-foot well.

It does appear that the standard in Kansas after *Hall* is that at least some type of actual drilling must occur by a lease's expiration date to satisfy a requirement of commencement of drilling. *Hall* does not state, as Bunnell claims, that drilling must be commenced

with an appropriate rig. It also does not require a well to be completed by the expiration date.

"When analyzing whether a lease has terminated because the lessee has not timely commenced a well, our Supreme Court has looked to the language of the controlling instrument, reading it as whole, to determine the nature and extent of the lessee's obligation." *Hall*, 20 Kan. App. 2d at 849. The lease language in the present case required Dunne to commence to drill a well within the term of the lease.

A second question related to the commencement of drilling pertains to the filing of the second notice of intent to drill. K.A.R. 82-3-103(a)(2) provides that a drilling applicant shall file the notice of intent at least 5 days before any drilling is commenced. K.A.R. 82-3-103(d) states that drilling shall not commence until Kansas Corporation Commission (KCC) approval is granted. The second notice in the present case was filed on July 14, 2000, and showed an expected drilling date of July 17, 2000. It was approved by the KCC on July 19, 2000. Timothy Sanders, managing member of Big A, stated in an affidavit that he prepared a notice of intent in the days immediately preceding the termination date, and it was later determined the location would need to be moved because of the waterway. He stated the second notice was then filed on July 14, 2000.

This scenario differs from *Hall*, where KCC approval was obtained prior to drilling. Here, KCC approval was not granted until July 19, but Weeder Well Services commenced preliminary drilling on July 14. Dunne asserts it filed a timely application and provided the KCC with all appropriate information prior to the expiration date. Dunne also argues the administrative regulation on notice requirements does not affect the plain language of the lease and is not cause for forfeiture.

Bunnell likely would have not been able to bring an action on the lease based solely on an alleged violation of K.A.R. 82-3-103 without first seeking a remedy through the KCC. The KCC apparently did not penalize Dunne for any improper drilling, and the notice issue, while interesting, is not dispositive of this case.

Dunne commenced drilling on July 14, 2000, the lease's expiration date. Dunne does not deny the rig used to drill that day was not capable of drilling the well to the desired depth. Dunne claims that using a smaller rig to begin drilling a well is not uncommon and that the lease provision requiring drilling to commence at a certain time would have contemplated this type of activity. Dunne also points out that this well was eventually completed. Bunnell argued to the district court that finding the small rig used in this case satisfied an "actual drilling" requirement would allow a lessee to move onto leased property the day before the lease expires, dig a 5- or 10-foot hole with a small tractor, and claim actual drilling had occurred.

Dunne cites *Cosden v. Carter Wolf Drilling Co.*, 183 F.2d 761 (10th Cir. 1950), for the proposition that the preliminary drilling by the smaller rig constituted actual drilling. *Cosden* did hold that preliminary digging constituted commencement of drilling in that case. 183 F.2d at 764. Our research revealed no Kansas cases discussing this specific issue. However, Dunne's position, while not supported with an abundance of authority, is backed up by what little case law exists and the plain language of the lease. The language of the lease required Dunne to commence drilling, and, in the absence of evidence from Bunnell that the small-rig drilling was not necessary to the completion of the well or in accordance with standard drilling practices, the district court properly granted summary judgment.

Affirmed.